UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
S&L VITAMINS, INC.,

        Plaintiff,

                      ORDER ADOPTING REPORT &
                      RECOMMENDATION
    -against-       05-CV-5121(JS)(MLO)

DESIGNER SKIN, LLC, SPLASH TANNING
PRODUCTS, LLC, and BOUTIQUE TANNING
PRODUCTS, LLC,

        Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:     Ronald D. Coleman, Esq.
                 Hoffman Polland & Furman PLLC
                 220 East 42nd Street, Suite 435
                 New York, NY 10017

For Defendants:    Charles H. Knull, Esq.
                 Ullman, Shapiro & Ullman LLP
                 299 Broadway, Suite 1700
                 New York, NY 10007

SEYBERT, District Judge:

      Presently pending is Plaintiff S&L Vitamins, Inc.'s ("Plaintiff") objections to Magistrate Judge Michael L. Orenstein's Report and Recommendation, dated May 3, 2007 ("Report"), recommending that this action be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 41. For the reasons discussed herein, the Report is ADOPTED as modified.

## BACKGROUND

      Plaintiff commenced this action on November 1, 2005, seeking a declaratory judgment of non-infringement concerning its sale of tanning products manufactured by Defendants. After some

motion practice, the parties proceeded with discovery throughout 2006. In September 2006, Judge Orenstein scheduled a pre-trial conference for December 19, 2006 at 2:00 p.m. (Docket Entry 19.) On December 19, 2006, Plaintiff failed to appear for the pre-trial conference; however, Defendants advised Judge Orenstein that discovery was proceeding well. (Docket Entry 25.) At that time, the conference was adjourned to March 30, 2007 at 2:00 p.m.

On March 28, 2007, Defendants filed a letter motion, with consent of Plaintiff's counsel, to adjourn the March 30 conference to April 19, 2007, which Judge Orenstein granted by order dated March 28, 2007. (Docket Entry 27.) Additionally, Judge Orenstein advised the parties that the April 19 conference would be a final pre-trial conference and a settlement conference. (Id.) For the second straight time, Plaintiff failed to appear. Accordingly, Judge Orenstein issued an order scheduling a conference for May 3, 2007 at 3:00 p.m. and precluding Plaintiff from making any motion "unless and until he appears in person with the President of his client at this Court to discuss settlement. Failure to follow this order will result in a Report and Recommendation to Dismiss the Complaint." (Docket Entry 28.) In addition to receiving an ECF notification of such order, Defendants' counsel, Ms. Sarah Bailey Kickham, indicated that she emailed to Plaintiff's counsel, Mr. Coleman, a copy of Judge Orenstein's April 19, 2007 order. Although Ms. Kickham did not attach a read receipt to the email,

2

she confirmed that Mr. Coleman responded to the email questioning an additional attachment concerning attorneys' fees. (Report Tr. 3, May 3, 2007.)

On May 3, 2007, counsel for Defendants, Ms. Kickham and Mr. Charles Knull, once again appeared before Judge Orenstein; however, Plaintiff's counsel failed to appear for a third straight time. Upon being contacted by the court regarding each missed court appearance, Plaintiff's counsel explained that initially he was not receiving email notifications through the ECF system (Docket Entry 29), and, as for the third missed appearance, he experienced a calendar failure. (Docket Entry 32.) As a result of the missed court appearances, Judge Orenstein found that Plaintiff had prejudiced the proceedings and upset the court's calendars for a third time. (Report Tr. 4.) Additionally, Judge Orenstein noted that this action had been commenced as a preemptive strike, knowing that Defendants planned to file suit in Arizona, and now that there are counter-claims pending against Plaintiff, Plaintiff is attempting to run and hide from the New York courts. (Id.) For all these reasons, Judge Orenstein recommended that the Complaint be dismissed.

## DISCUSSION

I. Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of

the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); see also FED. R. CIV. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted). Plaintiff objects to Judge Orenstein's ultimate recommendation of dismissal because Plaintiff's failure to appear was inadvertent, the prejudice to the parties is negligible,

4

the parties have completed discovery, and no other sanctions were considered by the court prior to the recommendation of this "extreme penalty." (Pl.'s Objections 1.) Accordingly, the Court considers de novo whether the Complaint should be dismissed pursuant to Rule 41.

II. Involuntary Dismissal Pursuant To Rule 41(b)

The Court begins by noting that, although a district court has discretion in determining whether a complaint should be involuntarily dismissed, "dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" United States v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). The Second Circuit has set forth factors to consider when determining whether to impose such a sanction:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Norden Sys., 375 F.3d at 254. No one factor is dispositive; rather the record as a whole should be considered. See id.

The first factor breaks further down into two inquiries: (a) "whether the failures to prosecute were those of the

plaintiff," and (b) "whether these failures were of significant duration." Id. at 255. It is uncontroverted that the delay was caused solely by Plaintiff's side as a whole – Plaintiff failed to appear, without excuse, at three court-ordered conferences. Second, the Court finds that the delay was significant. The time period between the first missed appearance – December 19, 2006 – to the third missed appearance – May 3, 2007 - plus the period to object to the Report, is approximately five months. There is case law supporting a finding of significant delay where the action was delayed for a period of months. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 U.S. Dist. LEXIS 16154 (S.D.N.Y. 2000) (finding that delay of four months warranted dismissal); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (involving six-month delay).

The second factor – notice – also supports dismissal. Magistrate Judge Orenstein specifically advised Plaintiff in his April 19, 2007 order, resulting from Plaintiff's second missed appearance, that subsequent failure to appear would result in a report and recommendation to dismiss the Complaint. (Docket Entry 28.)

The actual prejudice to Defendants, however, is not entirely clear. While the Court notes that Defendants were prejudiced simply by Plaintiff's failure to appear for the

conferences, there has been no showing of actual prejudice. See Norden Sys., 375 F.3d at 256-57 ("Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable . . . . In cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). To be sure, Judge Orenstein found that Plaintiff had prejudiced the proceedings. (Report Tr. 4.) There is no discussion by the court or argument by Defendants, however, as to how Defendants were prejudiced. Perhaps, quite correctly, prejudice was presumed because Plaintiff failed to comply with three separate court orders. See Lyell Theatre Corp. v. Loews Corp., 683 F.2d 37, 39-40, 43 (2d Cir. 1982) (presuming prejudice where plaintiff repeatedly failed to follow court orders, even after being warned that dismissal was a possibility).

Even if prejudice was presumed, however, such presumption could be rebutted by Plaintiff. See Norden Sys., 375 F.3d at 257. Plaintiff's attorney submitted a letter of apology explaining his inexperience with the ECF system and, in the objections to the Report, explained that a calendar mishap caused the third missed appearance. It appears, therefore, that the delay, while inexcusable, was more negligent than willful. Furthermore, the Court notes that during at least a portion of the period of delay, the parties were proceeding with discovery. As a result, the

prejudice to Defendants is somewhat less than in cases where the action was at a complete standstill.

In considering the fourth factor – balance between the court's calendar congestion and plaintiff's right to an opportunity to be heard – "a court must not let its zeal for a tidy calendar overcome its duty to justice." <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2000) (internal quotation marks and citations omitted). Plaintiff's inaction has resulted in three missed court appearances and preparation of several orders by Magistrate Judge Orenstein and one by this Court. Such an expenditure of judicial resources and time is wasteful; however, there is no indication that it has had a significant impact on calendar congestion. As for Plaintiff's right to due process, Plaintiff has been afforded numerous opportunities to litigate this case and comply with Judge Orenstein's orders.

It is the final factor – consideration of lesser sanctions – together with the record as a whole, however, that sways this Court. It does not appear that lesser sanctions were considered at the time the Report was issued. In light of Plaintiff's prompt response to the Report and Mr. Coleman's explanations and asserted lack of contempt for the court, this Court finds that lesser sanctions will likely be sufficient to remedy any prejudice resulting from Plaintiff's delay. Plaintiff and its counsel are placed on final notice, however, that any

further delay or failure to comply this Order or order issued by Magistrate Judge Orenstein will result in dismissal of the Complaint.

## CONCLUSION

In sum, many of the factors set forth by the Second Circuit support a finding of dismissal here; however, the Court, based on the record as a whole, concludes that, at this time, a lesser sanction will likely remedy any prejudice. In the event Plaintiff continues its inexcusable delays, a lesser sanction will no longer be sufficient and dismissal will be warranted. As a result, Plaintiff is ORDERED to pay the fees and costs incurred by Defendants in attending the three missed court conferences before Magistrate Judge Orenstein and in responding to Plaintiff's objections to the Report. Defendants are directed to submit to Magistrate Judge Orenstein an Affidavit, with supporting documentation, detailing such attorneys' fees and costs, no later than 30 days from the date this Order is entered on the docket. In addition, the parties are ORDERED to immediately contact the Chambers of Magistrate Judge Orenstein to schedule a final pre-trial conference and settlement conference.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April  21 , 2008